# Kelly, Appellant, *v.* Courtright.

*Banks and banking—Checks—Negotiable instruments—Owner-
ship of check—Evidence.*

In an action on a check plaintiff offered the check in evidence
and it was admitted without objection. He then rested. Defend-
ant then offered in evidence a letter attached to certain depositions
taken in the case for plaintiff. The letter was addressed to the de-
fendant by the plaintiff, and stated that the check had been pro-
tested, and that the writer was trying to get in touch with the en-
dorser, who had negotiated it. It concluded: "I will be glad to
have you telegraph or telephone me." It was signed by plaintiff
under the name of a corporation of which he was treasurer. It
appeared to be a letterhead of the corporation with the name of the
company at the bottom of the sheet, although there was no evidence
that the name of the company was written or lithographed. There
was no other reference to the corporation in the pleadings or in the
depositions. The depositions being then read into the record by
the plaintiff, set forth that the plaintiff was a bona fide holder for
value. *Held,* that it was reversible error for the court to submit to
the jury the question whether the check in suit was actually the
property of the corporation or the plaintiff.

In such a case the mere fact that the name of the corporation ap-
peared on the letter-sheet was nothing more than a scintilla of
proof altogether insufficient to support a verdict in favor of the
defendant.

Argued Nov. 22, 1915. Appeal, No. 164, Oct. T., 1915,
by plaintiff, from judgment of Municipal Court, Phila-
delphia Co., Jan. T., 1915, No. 382, on verdict for defend-
ant in case of Michael B. Kelly v. Murray B. Courtright.
Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON,
KEPHART and TREXLER, JJ. Reversed.

Assumpsit on a check. Before MacNeille, J.

At the trial the plaintiff offered in evidence the check which had been protested. It was admitted without objection, and plaintiff thereupon rested. The defendant then offered in evidence a letter attached to certain depositions which had been taken on behalf of the plaintiff, but not offered in evidence. The letter was as follows:

"December 5, 1914.

"Mr. M. B. Courtright,

"Philadelphia, Pa.

"Dear Sir:

"Your check issued November 27th, at Ebensburg, Pa., on the First National Bank to R. A. Whiteside has been protested and returned to the writer marked 'Not sufficient funds.' It is possible that I may not be able to get Mr. Whiteside until the latter part of the week. I am naturally sending him the check for the purpose of paying it. It is too late in the day to get action as this was tendered me about twelve o'clock noon to-day. I, therefore, am writing to ascertain your pleasure in the matter. Ordinarily when checks are protested, we enter suit for their collection.

"I will be glad to have you telegraph or telephone me some time Monday. Yours truly,

"American Steel Company.

"(Signed) M. B. Kelly."

Plaintiff then offered in evidence the depositions which set forth that the plaintiff was a bona fide holder for value of the check in suit.

The trial judge submitted to the jury the question whether the check was the property of the American Steel Company or the plaintiff.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing to enter judgment for plaintiff n. o. v.

*Samuel W. Cooper,* for appellant.—The defendant cannot set up as a defense that someone other than the plaintiff, who has possession of the note is the owner: Sterling v. Marietta, Etc., Trading Co., 11 S. & R. 179; Ward v. Tyler, 52 Pa. 393; Farmers, Etc., Bank v. Penn, Etc., Bank, 123 Pa. 283; Morris v. Foreman, 1 Dall. 193; Brown v. Clark, 14 Pa. 469; Ballentine v. Magee, 4 Brews. 95.

*John C. Gilpin,* with him *Graham & Gilfillan,* for appellee.

OPINION BY HEAD, J., July 18, 1916:

The plaintiff sues to recover the amount of a certain check made by the defendant to the order of one R. A. Whiteside and by the latter endorsed and delivered to the plaintiff. It is averred in the statement that the latter was a bona fide holder of the said check and took the same in the usual course of business for a full and valuable consideration. In his answer the defendant sets forth at length certain transactions between himself and the payee, Whiteside, and avers that the latter obtained the check by false pretense without giving any consideration therefor and that its negotiation by him was a fraud upon the defendant. He further avers these transactions were known to the plaintiff before he took over the said check and that he is not the bona fide holder thereof, but that the real plaintiff in the case is the said Whiteside and that the nominal plaintiff was but allowing the use of his name in order that the payee might be able to perpetrate a further fraud upon the defendant.

Notwithstanding this averment of infirmity in the title of the person negotiating the check, when the case came on for trial the record shows the material proceedings were these: The plaintiff offered in evidence the check sued on. It was admitted without objection and the plaintiff rested. The defendant then offered in evidence

the deposition of the plaintiff and particularly a certain letter attached thereto and in turn rested.  The plaintiff's counsel then read into the record the deposition of the plaintiff which had been offered in evidence by the defendant and admitted.  No other testimony was produced by either party.  From the deposition it appeared the plaintiff resided in Pittsburgh and had been the treasurer of a corporation called the American Steel Company for some ten years.  The letter referred to was written by the plaintiff to the defendant advising him that his check had been protested for want of funds and that he was trying to get into communication with Mr. Whiteside who had negotiated it.  The letter, as printed in the record, concludes thus: "I will be glad to have you telegraph or telephone me some time Monday.  Yours truly, American Steel Company.  (Signed) M. B. Kelly."  Nowhere in the statement of claim, in the affidavit of defense, or elsewhere in the record, does the name of the American Steel Company appear, nor is there averment or proof that this corporation, which apparently had its office in the City of Pittsburgh, was anything but an entire stranger to the transaction between the parties.  The natural inference to be drawn from the face of the letter is that the plaintiff, in writing it, used a blank letterhead of the corporation with its name at the bottom of the sheet so that in using such a blank in the business of the company, it would not be necessary for the officer to sign the name of his company but instead his own name and official capacity.

The learned trial judge refused the point presented by plaintiff's counsel asking for a binding direction in favor of the plaintiff, but submitted to the jury the single question whether the check in suit was actually the property of the American Steel Company or of the plaintiff in the case.  The charge of the learned trial judge, which was brief, concludes as follows: "If the American Steel Company was the owner at the time payment was refused, your verdict should be for the defendant.  If it belonged

to Mr. Kelly at the time payment was refused, the verdict should be for the plaintiff." The plaintiff testified in his deposition that he was in good faith the owner of the check and had paid full value for it. This testimony was not controverted by the defendant who himself offered in evidence this deposition, thus making the deposing witness his own. He should therefore be bound by the evidence he produced and submitted to the court. Under all of the circumstances we feel obliged to say the mere fact the name of the American Steel Company appears on the letter sheet, although there is no evidence whether it was written or lithographed, could not be regarded as more than a scintilla of proof altogether insufficient to support a verdict in favor of the defendant.

The plaintiff's point for binding direction in his favor should have been affirmed and a verdict rendered in his favor for the amount of the check with interest from the date of its presentation and the fees of the notary in protesting it. The judgment must therefore be reversed, and the case retried as there is now no verdict to support a judgment for plaintiff.

Judgment reversed with a new venire.